UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

M&I MARSHALL & ILSLEY BANK,

    Plaintiff,

v.                                                  CASE NO.: 8:11-cv-352-T-23TGW

MARVIN I. KAPLAN, et al.,

    Defendants.
_____/

## **ORDER**

The plaintiff sued (Doc. 2) the guarantors of a note issued to the plaintiff's predecessor in interest and moved for summary judgment. (Docs. 5 and 10) After the initiation of the action but before the motion for summary judgment, the primary obligor on the note, KMS II, LLC, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On the morning of the summary judgment hearing the defendants removed (Doc. 1) this action. The notice of removal states that the "Defendants intend for the State Court Action, upon removal, to be referred to the United States Bankruptcy Court for the Middle District of Florida, Tampa Division . . . pursuant to the General Order of Reference entered by this Court on July 11, 1984, Case No. 84-MISC-152." (Doc. 1, Page 2) The plaintiff moves (Doc. 8) to remand and asserts (1) that the removal is "an obvious attempt to forum shop and delay entry of summary judgment" and (2) that "substantial discovery has been propounded in the State Court Action, significant motion

practice has taken place with respect to such discovery, a magistrate has been appointed to hear discovery motions and other matters agreed to by the parties; in other words, the State Court Action has been quite active since it has been filed." Instead of responding to the motion to remand, the defendants move (Doc. 11) "to (1) refer and transfer [the] matter to the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, and (2) extend time to respond to motion for remand." The defendants assert that "[t]his removed case is essentially a collateral attack by M&I MARSHALL & ILSLEY BANK . . . against the Defendants and is designed to circumvent the reorganization process in the KMS II, L.L.C. Chapter 11 case." (Doc. 11, Page 2) The defendants suggest that "[g]iven that Bankruptcy Judge McEwen is currently handling the Chapter 11 case and has a greater familiarity with the facts and circumstances of the Chapter 11 case, it would be appropriate for her to consider at first instance whether the removed action is sufficiently related to the Chapter 11 case such that she feels it is appropriate to retain the case in order to effectively administer the Chapter 11 case." (Doc. 11, Page 3) The plaintiff responds (Doc. 12) and (1) asserts that a district court may properly adjudicate a remand motion and (2) notes that "[this action] was filed prior to the bankruptcy filing, and the bankruptcy filing has no effect on KMS' Chapter 11 bankruptcy case because none of the defendants in the removed case is a debtor in a bankruptcy case." (Page 4)

The district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Because the complaint asserts only state law claims, this proceeding

- 2 -

does not "arise under title 11."  A noteholder may proceed against the guarantors without first resorting to the primary obligor.  Anderson v. Trade Winds Enter. Corp., 241 So. 2d 174, 177 (Fla. 4th DCA 1970) ("Where the guaranty is absolute, the guarantor becomes liable upon non-payment by the principal, and the person in whose favor the guaranty runs has no duty to first pursue the principal before resorting to the guarantors.")  The plaintiff proceeds against only the guarantors, and the defendants fail to persuasively establish that an action in state court against the guarantors will prejudice the bankruptcy of KMS, the primary obligor.  It is therefore doubtful that this action is "related to" a case under Title 11 and a definitive determination of the question is in any event unnecessary because a district court is vested with discretion to abstain from or remand an action that is "related to a [case] under title 11."

The statute that provides district courts with exclusive jurisdiction of civil proceedings related to cases under Title 11, 28 U.S.C. § 1334, provides that:

> (c) (1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.
>
> (d) Any decision to abstain or not to abstain made under subsection (c) (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise . . . .

The defendants remove this action on the basis of 28 U.S.C. 1452, which is entitled "Removal of claims related to bankruptcy cases" and reads as follows:

> (a)  A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b)  The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise . . . .

These two statutes evidence a clear intent to provide district courts with discretion to abstain or remand when presented with an action loosely "related" to a bankruptcy proceeding. A district court is required to abstain if the action "can be timely adjudicated" in state court, and may remand an action on any (other) equitable ground.

In re Wood, 216 B.R. 1010, 1014 (Bkrtcy. M.D. Fla. 1998), identifies twelve factors that govern abstention or remand:

> (1)  The effect or lack thereof on the efficient administration of the estate if a court abstains.
>
> (2)  The extent to which state law issues predominate over bankruptcy issues.
>
> (3)  The difficulty or unsettled nature of applicable law.
>
> (4)  The presence of a related proceeding commenced in state court or other non-bankruptcy court.
>
> (5)  The jurisdictional basis, if any, other than 28 U.S.C. § 1334.
>
> (6)  The degree of relatedness or remoteness of the proceeding to the main bankruptcy case.

    (7)    The substance rather than form of an asserted "core" proceeding.

    (8)    The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court.

    (9)    The burden of the bankruptcy court's docket.

    (10)    The likelihood that the commencement of the proceeding in bankruptcy court involved forum shopping by one of the parties.

    (11)    The existence of a right to a jury trial, and

    (12)    The presence in the proceeding of non-debtor parties.

The first factor is neutral because the defendants fail to show that abstention interferes with the efficient administration of the bankruptcy estate.

The second, third, and fourth factors weigh in favor of abstention because the removed action involves well-settled issues of state law that were raised in state court before the filing of the bankruptcy proceeding.

The fifth factor weighs in favor of abstention because the defendants assert no basis for jurisdiction other than Section 1334.

The sixth factor weighs in favor of abstention because each party to this action is a non-debtor.

The seventh and eighth factors are neutral because this action is not a "core" proceeding.

The ninth factor favors abstention due to the busy docket in the Middle District. Moreover, broader concerns of judicial economy also favor abstention because the state court has substantially adjudicated this matter.

The tenth factor is indeterminate because although the action was removed the day the summary judgment motion was to be heard, the removal was also filed fairly promptly after the filing of the bankruptcy.

The eleventh factor is neutral because (1) the plaintiff has not requested a jury trial and (2) the proceeding will likely resolve on summary judgment after remand.

The twelfth factor favors abstention because each party to this action is a non-debtor.

Nearly every factor supports abstention in this instance.  Because the summary judgment motion (1) was ripe for adjudication and (2) was likely to be granted before removal, an action "is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."  28 U.S.C. § 1334(c)(2).  Although almost every factor supports abstention (and no factor counsels otherwise) any doubt is properly resolved in favor of remand, Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998), particularly in a bankruptcy case.  Browning v. Navarro, 743 F.2d 1069 (5th Cir. 1984).  In Perry v. Florida Trucking Co., 2010 U.S. Dist. Lexis 9629 (M.D. Fla. Jan 21, 2010), Judge Whittemore remanded a personal injury suit against Chapter 11 debtors.  Although the debtors were parties to the action, Judge Whittemore found that (1) the claim had no independent basis for federal jurisdiction other than § 1334(b), (2) the claim was a non-core proceeding, (3) an action had been commenced in state court, and (4) the action could be timely adjudicated in state court.  The factors favoring abstention are stronger in this action.

The motion to remand (Doc. 8) is **GRANTED**, the motion to transfer to bankruptcy court (Doc. 11) is **DENIED**, and the action is **REMANDED**.  The Clerk is directed to (1) remand this action to the Circuit Court for Sarasota County, Florida, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on April 6, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE